UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

*FILED*

*2013 FEB 19 P 1: 52*

CASE NO.

| | |
|---|---|
| JAMIE FRAID, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| BARRISTER GLOBAL SERVICES | ) |
| NETWORK, INC., | ) |
| Defendant | ) |

## COMPLAINT

### PARTIES

1. The Plaintiff, Jamie Fraid, ("Fraid"), is an individual who resides in Watertown, Middlesex County, Massachusetts.

2. The Defendant, Barrister Global Services Network, Inc. ("Barrister"), is a Louisiana Corporation.

### JUSISDICTION

3. Jurisdiction of this Court is established pursuant to 28 U.S.C. 1332, by Diversity of Citizenship of the Parties, and the amount in controversy exceeds $75,000.00.

## COUNT I - VIOLATION OF M.G.L. Ch. 151B
## AND THE FEDERAL PREGNANCY DISCRIMINATION ACT

4.  The plaintiff reaffirms and restates paragraphs 1 through 3 above.

5.  The Plaintiff, Ms. Jamie Fraid, was hired and employed by the defendant, Barrister, on or about June 25, 2012.

6.  Ms. Fraid's position with the defendant was in IT and IT Sales.

7.  When the plaintiff was hired she worked out of the defendant's Las Vegas, Nevada Office and serviced clients from Las Vegas to Arizona. The plaintiff was required to travel to Arizona on a bi-weekly basis.

8.  The plaintiff's main job responsibility was in IT and IT Sales. As part of her job, the plaintiff traveled bi-weekly. In this regard, when the plaintiff worked out of Las Vegas, Nevada she traveled to Arizona bi-weekly and when she transferred to Boston, she traveled to Chicago, Illinois bi-weekly.

9.  The entire time that Ms. Fraid worked for Barrister, she was advised that her job performance was exceptional.

10. In September, 2012, the plaintiff informed the defendant that she was pregnant and due to have her child in March, 2013.

11. Notwithstanding, on December 1, 2012, the plaintiff relocated from Las Vegas to Boston. The reason for the plaintiff's relocation to Boston was to service the defendant's clients based in Chicago.

12. The plaintiff in fact traveled to Chicago on December 7 – 17, 2012, to service defendant's clients.  When the plaintiff completed this task, she returned to Boston.

13. Approximately ten (10) days after returning to Boston, the plaintiff was notified by the defendant that she being terminated as of December 27, 2012.

14. The reason she was given was "lack of work."

15. The plaintiff was not offered and did not receive a severance package. Furthermore, the plaintiff's health insurance was immediately terminated, so the plaintiff was left without a job, without any money and without any health insurance coverage.

16. The defendant's reason of lack of work for terminating the plaintiff was false and simply a pretense to fire the plaintiff because of her pregnancy.

17.  In fact, in December, 2012, the defendant hired three new individuals (who were trained by the plaintiff), who performed the plaintiff's job in the Chicago area.

18. Moreover, the plaintiff has just learned that her old manager requested to be moved back into IT/IT Sales and in doing so took the plaintiff's position.

19. Accordingly, the defendant's actions were in violation of the Federal Pregnancy Act and Massachusetts General Laws, Chapter 151B.

20. As a pregnant woman, at all times material hereto, the plaintiff was/is a member of a protected class, she was performing her job satisfactorily, she was terminated and her termination clearly raises a reasonable inference of discrimination.

21. The defendant's actions are discriminatory.

22. Because of the defendant's wrongful and discriminatory actions, the plaintiff has been injured and irreparably harmed.

23. The plaintiff is entitled to damages for the defendant's wrongful termination of her employment.

WHEREFORE, the plaintiff prays that this Honorable Court find that the defendant wrongfully terminated the plaintiff's employment discriminated against the plaintiff due to her pregnancy and such wrongful and discriminatory actions have damaged the plaintiff.  The plaintiff further prays that this Honorable Court award the plaintiff $250,000.00 to the plaintiff as damages which flow from the defendant's wrongful conduct and actions.

## COUNT II – EMOTIONAL DISTRESS

24. The plaintiff reaffirms and restates paragraphs 1 – 23 above.

25. The defendant's actions as set out herein have caused the plaintiff emotional distress.

26. For example, the plaintiff has stressed over money, her lack of health insurance and the pending birth of her first child.

27. The loss of her job has caused the plaintiff has become extremely nervous and worried. The plaintiff has lost several nights of sleep and has generally adversely impacted her pregnancy.

28. The defendant's defamatory statements, both spoken and written have injured the plaintiff.

WHEREFORE, the plaintiff prays that this Honorable Court find that the defendant has caused emotional distress to the plaintiff.  The plaintiff further prays that this Honorable Court award the plaintiff $250,000.00  to the plaintiff as damages which flow from the defendant's wrongful and harmful conduct.

## THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS AND ALL CLAIMS.

DATED: February /5, 2013

Respectfully submitted,

Gaetano J. DeLuca
BBO #558872
9 Early Red Circle
Plymouth, MA 02360
Tel. No. (508) 224-6886
Fax No. (508) 224- 7219
Email: gaetano.deluca@verizon.net