UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMIE FRAID, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-10318-JLT |
| | * | |
| BARRISTER GLOBAL SERVICES NETWORK, INC., | * | |
| | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

September 25, 2013

TAURO, J.

I.  Introduction

Plaintiff Jamie Fraid brings this suit against Defendant for alleged violations of Massachusetts General Laws chapter 151B and the Federal Pregnancy Discrimination Act of 1978. Presently at issue is Defendant's Motion to Dismiss, or, in the Alternative, to Transfer Venue to the Eastern District of Louisiana [#5]. For the following reasons, the Motion is ALLOWED.

II.  Background[1]

On or about June 25, 2012, Defendant hired Plaintiff to work in IT and IT sales.[2] Plaintiff

---

[1] Because the issues analyzed here arise in the context of a motion to dismiss, this court presents the facts as they are related in Plaintiff's Complaint, see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] Compl. ¶¶ 5, 6, 8 [#1]; Pl.'s Opp'n Def.'s Mot. Dismiss, or Alternative Transfer Venue Eastern Dist. La. [#8], at Ex. B, ¶¶ 1, 2, 4 [hereinafter Fraid Aff.].

worked out of Defendant's Las Vegas, Nevada office and serviced clients from Las Vegas to Arizona.[3] She was required to travel to Arizona "on a bi-weekly basis."[4] For the entire time that Plaintiff worked for Defendant, she was told that her job performance was "exceptional."[5]

In September 2012, Plaintiff told Defendant that she was pregnant and due to have her child in March 2013.[6]

On December 1, 2012, Plaintiff moved to Boston, and then she traveled to Chicago, Illinois "bi-weekly" to service Defendant's clients in Chicago.[7] She was in Chicago from December 7 until December 17, 2012, and then she returned to Boston.[8]

On December 27, 2012, Defendant terminated Plaintiff for "lack of work."[9] Plaintiff was not offered and did not receive a severance package, and her health insurance was immediately terminated.[10]

Defendant fired Plaintiff because of her pregnancy and for no other reason.[11] In fact, in

---

[3] Compl. ¶ 7 [#1]; Fraid Aff. ¶ 3; see Compl. ¶ 8 [#1]; Fraid Aff. ¶ 4.

[4] Compl. ¶ 7 [#1]; Fraid Aff. ¶¶ 3, 4.

[5] Compl. ¶ 9 [#1]; Fraid Aff. ¶ 5.

[6] Compl. ¶ 10 [#1]; Fraid Aff. ¶ 6.

[7] Compl. ¶¶ 8, 11 [#1]; see Fraid Aff. ¶¶ 4, 10.

[8] Compl. ¶ 12 [#1]; see Fraid Aff. ¶ 12.

[9] Compl. ¶¶ 13, 14 [#1]; Fraid Aff. ¶¶ 14, 15.

[10] Compl. ¶ 15 [#1]; Fraid Aff. ¶ 16.

[11] Compl. ¶ 16 [#1]; Fraid Aff. ¶ 18.

December 2012, Defendant hired three new individuals to perform Plaintiff's job in Chicago.[12]

On February 19, 2013, Plaintiff initiated this action against Defendant for Defendant's allegedly discriminatory actions.

III.   Discussion

A district court may exercise authority over a defendant on the basis of either general or specific jurisdiction.[13] The burden rests on the plaintiff to make a prima facie showing that personal jurisdiction exists.[14] A plaintiff "'may not rely on unsupported allegations in [the] pleadings, but [is] obliged to adduce evidence of specific facts' sufficient to justify the exercise of jurisdiction over the named defendants, including evidence outside the complaint."[15]

General personal jurisdiction exists if "'the defendant has engaged in "continuous and systematic activity" in the forum, even if the activity is unrelated to the suit.'"[16] Alternatively, to establish personal jurisdiction by way of specific jurisdiction, a plaintiff must show both that the

---

[12] Compl. ¶ 17 [#1]; Fraid Aff. ¶ 19.

[13] E.g., Cossaboon v. Me. Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010); Brown Rudnick Berlack Israels LLP v. Brooks, 311 F. Supp. 2d 131, 132 (D. Mass. 2004) (Tauro, J.).

[14] Schaefer v. Cybergraphic Sys., Inc., 886 F. Supp. 921, 923 (D. Mass. 1994) ("Under the prima facie analysis, the Court considers only whether the admissible evidence that the plaintiff has submitted in the record is sufficient to support findings on each jurisdictional element." (citing Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992))); see Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).

[15] Berklee Coll. of Music, Inc. v. Music Indus. Educators, Inc., 733 F. Supp. 2d 204, 208 (D. Mass. 2010) (Tauro, J.) (quoting Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006)).

[16] Brown Rudnick, 311 F. Supp. 2d at 133 (quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002)).

Massachusetts long-arm statute[17] grants jurisdiction over the defendant and that "'the exercise of jurisdiction under the statute is consistent with the [United States C]onstitution.'"[18] Specific jurisdiction exists only if "'the cause of action arises directly out of, or relates to, the defendant's forum-based contracts.'"[19] To establish specific personal jurisdiction, a plaintiff must establish three elements: "relatedness," "purposeful availment," and "reasonableness."[20]

---

[17] G.L. ch. 223A, § 3. The statute provides, in relevant part:
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
(a) transacting any business in this commonwealth;
(b) contracting to supply services or things in this commonwealth; . . .
(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth . . . .
Id.

[18] Brown Rudnick, 311 F. Supp. 2d at 133 (alteration in original) (quoting Daynard, 290 F.3d at 52); see Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) ("[D]ue process requires[, inter alia, that] . . . [a defendant] have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940))); see also Plunkett v. Valhalla Ins. Servs., Inc., 409 F. Supp. 2d 39, 42 (D. Mass. 2006) ("In order to obtain specific personal jurisdiction in this case, the plaintiff must demonstrate 1) the Massachusetts long-arm statute . . . grants jurisdiction over each defendant and 2) the exercise of jurisdiction comports with Constitutional [sic] Due Process." (citing Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 144 (1st Cir. 1995))); A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc., 742 F. Supp. 39, 42 (D. Mass. 1990) ("[A] plaintiff must show not only that the Long Arm Statute applies but that its application comports with due process." (citing Shipley Co. v. Clark, 728 F. Supp. 818, 821 (D. Mass. 1990) (Tauro, J.); Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979))).

[19] Cossaboon, 600 F.3d at 31 (quoting Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994)).

[20] Negron-Torres v. Verizon Commc'ns, 478 F.3d 19, 24 (1st Cir. 2007) (quoting Platten, 437 F.3d at 135).

Under the relatedness inquiry, "'causation is central.'"[21] That is, this element "'requires a showing of a material connection'" between a plaintiff's cause of action and the defendant's forum-state contacts.[22] The state where an employment contract is "formalized and entered into" is an important consideration in analyzing the relatedness requirement.[23]

In the purposeful availment inquiry, a court must ask whether a defendant, "through its own affirmative conduct, purposefully availed itself of the privilege of conducting activities in Massachusetts such that it could reasonably anticipate being haled into court there."[24] Under this element, "the focus is on the defendant's intentions, and the cornerstones are voluntariness and foreseeability."[25] Voluntariness requires that a defendant's contacts with the forum state "'proximately result from actions by the defendant *himself*.'"[26] To that end, the contacts "'must be

---

[21] Id. at 25 (quoting Harlow v. Children's Hosp., 432 F.3d 50, 62 (1st Cir. 2005)).

[22] Id. (quoting Harlow, 432 F.3d at 61); see Phillips v. Prairie Eye Ctr., 530 F.3d 22, 27 (1st Cir. 2008) ("There must be more than just an attenuated connection between the contacts and the claim; 'the defendant's in-state conduct must form an important, or [at least] material, element of proof in the plaintiff's case.'" (quoting Harlow, 432 F.3d at 61)); Sawtelle, 70 F.3d at 1387 ("The relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state.").

[23] Prairie Eye Ctr., 530 F.3d at 27 (quoting Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007)).

[24] United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1091 (1st Cir. 1992); see Bluetarp Fin., Inc. v. Matrix Constr. Co., 709 F.3d 72, 82 (1st Cir. 2013).

[25] Bluetarp, 709 F.3d at 82 (internal citations omitted).

[26] Prairie Eye Ctr., 530 F.3d at 28 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

deliberate, and not based on the unilateral actions of another party.'"[27] Foreseeability requires that the contacts "be of a nature that the defendant could 'reasonably anticipate being haled into court there.'"[28]

Finally, the reasonableness inquiry focuses on the following factors, known as the "Gestalt factors":

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.[29]

The weaker a "plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction."[30]

Here, this court does not have authority over Defendant on the basis of either general or specific personal jurisdiction.

No general jurisdiction exists because Defendant has not engaged in "'continuous and systematic activity'"[31] in Massachusetts. Indeed, Plaintiff has not shown that Defendant has engaged in any continuous *or* systematic activity in Massachusetts.

---

[27] Bluetarp, 709 F.3d at 82 (quoting Prairie Eye Ctr., 530 F.3d at 28); see Prairie Eye Ctr., 530 F.3d at 28 ("'Jurisdiction cannot be created by and does not travel with the plaintiff . . . wherever she goes.'" (quoting Harlow, 432 F.3d at 63)).

[28] Prairie Eye Ctr., 530 F.3d at 28 (quoting Adelson, 510 F.3d at 50).

[29] Harlow, 432 F.3d at 67 (quoting 960 F.2d at 1088).

[30] Nowak v. Tak How Inv., Ltd., 94 F.3d 708, 717 (1st Cir. 1996) (quoting Ticketmaster - N.Y. v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994)).

[31] Brown Rudnick, 311 F. Supp. 2d at 133 (quoting Daynard, 290 F.3d at 51).

Nor may this court exercise specific personal jurisdiction over Defendant. First, Plaintiff has not demonstrated a sufficient nexus between her cause of action and Defendant's conduct in Massachusetts. When Defendant hired Plaintiff, she was hired to work out of Defendant's Las Vegas office and service clients in Las Vegas and Arizona, not Massachusetts. Plaintiff has provided no evidence that she and Defendant negotiated their employment contract in Massachusetts.[32] Indeed, given the facts Plaintiff *has* alleged, it seems likely that the contract was negotiated in Las Vegas, where Plaintiff resided at the time. Defendant does not have an office or clients in Massachusetts, and Plaintiff has not alleged the existence of such an office or clients. Moreover, Defendant is not currently registered to do business in Massachusetts.[33] In other words, there is no connection whatsoever between Plaintiff's cause of action and Defendant's actions inside Massachusetts.[34]

Second, Plaintiff has not demonstrated that Defendant "purposefully availed itself of the

---

[32] See Prairie Eye Ctr., 530 F.3d at 27.

[33] In her opposition to Defendant's Motion to Dismiss, Plaintiff contends that Defendant "filed Corporate Documents in Massachusetts," "registered in Massachusetts as a foreign corporation on September 8, 2000," and "filed a Foreign Certificate of Amendment with the Massachusetts Secretary of the Commonwealth's Office, naming a new Registered Agent's Office." Pl.'s Mem. Law Supp. Her Opp'n Def.'s Mot. Dismiss, or, Alternative, Transfer Venue Eastern Dist. La., 2 [#9] [hereinafter Pl.'s Mem.]. Plaintiff's only support for these bald assertions is a copy of a print-out from the website of the Secretary of the Commonwealth, Corporate Division. See Pl.'s Mem., Ex. A [#9]. Plaintiff fails to mention that although Defendant was registered to do business in Massachusetts four years ago, further inspection of the same website makes clear that Defendant's registration as a foreign corporation in Massachusetts was revoked in 2008. See Reply Br. Supp. Def.'s Mot. Dismiss, or, Alternative, Transfer Venue Eastern Dist. La., 1–2 [#12]. Aside from the fact that Plaintiff is not permitted to rely on unsupported allegations in order to demonstrate the existence of personal jurisdiction, see Berklee Coll., 733 F. Supp. 2d at 208, there is clear evidence that *these* unsupported allegations, at least, are false.

[34] See Negron-Torres, 478 F.3d at 25.

privilege of conducting activities in Massachusetts such that it could reasonably anticipate being haled into court" here.[35] Plaintiff has not alleged that Defendant benefits from the Commonwealth's laws or regulations in any way. Moreover, it was Plaintiff, not Defendant, who initiated contact with Massachusetts by unilaterally deciding to move here.[36] Defendant's extremely limited contact with Massachusetts, in the form of communications with Plaintiff after she had moved here, thus were not "voluntary" contacts with the Commonwealth.[37]

Finally, because Plaintiff has failed to demonstrate relatedness or purposeful availment, this court addresses the reasonableness prong only out of an abundance of caution.[38] Quite simply, it would not be reasonable for this court to exercise jurisdiction over Defendant. Although it would obviously be most convenient for *Plaintiff* to litigate this dispute in Massachusetts, the burden on Defendant, who has no contacts with Massachusetts, would be quite high.[39] Further, the interest of the Commonwealth in adjudicating this dispute is quite low, given that there is no evidence that the employment contract was negotiated here, nor is there evidence that Plaintiff conducted any work for Defendant here.[40]

For the foregoing reasons, Plaintiff has failed to demonstrate that this court may exercise personal jurisdiction, either generally or specifically, over Defendant.

---

[35] 163 Pleasant St., 960 F.2d at 1091.

[36] See Bluetarp, 709 F.3d at 82.

[37] See Prairie Eye Ctr., 530 F.3d at 28.

[38] See Negron-Torres, 478 F.3d at 24; see also Nowak, 94 F.3d at 717.

[39] See Harlow, 432 F.3d at 67.

[40] See id.

IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, or, in the Alternative, to Transfer Venue to the Eastern District of Louisiana [#5] is ALLOWED. Plaintiff's Complaint is dismissed and this case is CLOSED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge